## Plummer Estate

*Stanley B. Cooper* and *Zoob, Cohan & Matz*, for appellant.

*Richard N. Spare*, for Commonwealth.

TAXIS, P. J., July 29, 1964.—This matter is before the court upon an appeal by the executors of the above captioned estate from the appraisement of the Commonwealth of transfer inheritance tax.

Decedent, who died on October 25, 1961, was the surviving spouse of Everett H. Plummer. He had died on July 12, 1955, and in paragraph THIRD of his will had created a $50,000 trust fund for the benefit of his wife. She received the entire net income thereof for life, and at her death had ". . . the right by her last Will and Testament to specifically appoint the principal of this Trust to her estate." In paragraph FOURTH of her will, Mrs. Plummer specifically exer-

cised this power, and directed ". . . that the principal of the Trust . . . be paid to my residuary estate."

The executors of the Estate of Emma Bell Plummer reported the value of this trust fund, which had grown to $58,863.53, as nontaxable. The Commonwealth, however, filed an assessment subjecting it to transfer inheritance tax in her estate, and claims additional tax of $8,829.83, plus interest.

The Commonwealth contends that Mrs. Plummer, as a result of the inclusion of the fund in her estate, became in effect the beneficiary of the power of appointment, and not simply its donee. This precise issue has apparently not been previously decided in Pennsylvania, at least in a reported case, but the principles governing analogous situations reveal that this appeal must be sustained.

Applicable is the Inheritance Tax Act of 1919, P. L. 521, 72 PS §2301, as amended May 16, 1929, P. L. 1795. By subsection (a) thereof, a tax is imposed upon the transfer of property owned by ". . . any person dying seized or possessed . . ." thereof. Such language requires the present ownership either of the property, outright, or of a vested future interest in it: Walton Estate, 409 Pa. 225. This section is clearly inapplicable. Subsection (d), however, imposes a tax "When any person or corporation comes into the possession or enjoyment . . . of any property transferred pursuant to powers of appointment . . . Provided, That property transferred pursuant to powers of appointment shall, in all cases where the power is hereafter exercised, be taxed as of the estate of the donor, notwithstanding any blending of such property with the property of the donee." The latter proviso was added in 1929 by amendment, and the decisions under it [Dalsimer's Estate, 15 D. & C. 489; Morris' Estate, 42 D. & C. 522] as well as a reasonable interpretation of its wording, definitely establish that power of appoint-

ment property is taxable only in the estate of the donor, even though later blended with property of the donee.

The Inheritance Tax Act of June 15, 1961, in sections 309 and 408, is clear on this matter, and specifically exempts the property from tax in the donee's estate under circumstances like the present. The comment to those sections indicates that their framers believed them to be in conformity with existing law, citing Morris' Estate (p. 526), supra. In addition, the statutory language governing this case includes ". . . all cases where the power is hereafter exercised, . . ." and refutes by its plain meaning any argument which attempts to distinguish these cases on the basis of the identity of the beneficiaries.

The Commonwealth also attempts to analogize to the law relating to the taxability of life insurance proceeds, which became taxable under subsection (d) only if paid to the estate of the insured. This law, however, is based upon a specific statutory exemption, and there is no discernible legislative intent to extend that rule of law beyond its specific subject matter. See also §309-6 of "Pennsylvania Inheritance and Estate Tax," by Grossman and Smith.

This case bears an interesting parallel to the Estate of George R. Powell, deceased, no. 63,026, in this court, in which an appeal from inheritance tax appraisement was also sustained. In that case, the remainder interest of an inter vivos trust for the benefit of decedent was directed by the grantor to be paid to the executor of decedent's will. The deed of trust further provided that if decedent died intestate, such remainder was to be paid to the heirs of the grantor. This court likewise held that decedent had no vested interest [seisin], and that the effect of the deed was to create a general power of appointment in decedent, which he exercised by his making of a will and the designation of an executor. The cases unite in stand-

ing for the rule that inheritance tax liability will not be imposed upon the estate of a decedent, where it is merely the instrumentality or conduit through which beneficial interests are created in others.

And now, July 29, 1964, the appeal is sustained, and the transfer inheritance tax assessed on the trust fund in question is disallowed.